# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN W. SLAGLE,

    Petitioner,

-vs-

COURT OF COMMON PLEAS OF
MONTGOMERY COUNTY, OHIO,

    Respondent.

:

:

:

Case No. 3:08-cv-146

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Motion for Certificate of Appealability (Doc. No. 42).

A petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a

> constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued pro forma or as a matter of course. *Id.* at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id.* A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

Petitioner of course prevailed in this Court on his claim that a re-trial of his state criminal case would violate his rights under the Double Jeopardy Clause. However, instead of granting an unconditional writ, the relief Petitioner sought, the Court instead granted a conditional writ, providing that

> Slagle shall be discharged from further responding to the Indictment unless the Common Pleas Court renders a decision on the video record already created not later than 180 days from the date judgment is entered in this matter.

(Entry and Order Adopting the Report and Recommendations, Doc. No. 40, at 1-2.) In the sense that Petitioner only obtained a portion of the relief he sought, the judgment is "adverse" to him and he requires a certificate of appealability in order to appeal.

In an attempt to show that he has an arguable constitutional right to complete discharge from any criminal liability on the charges made in the Common Pleas Court, Petitioner argues that

> the Double Jeopardy Clause protects more than just the general right to not be subjected to [a] second prosecution for the same offense. Inherant [sic] within that general right are several important interests of an accused. As the Supreme Court has noted, "repeated attempts to convict an individual for an alleged offense ... subject[s] him to embarrassment, expense and ordeal and compel[ s] him to live in a continuing state of anxiety and insecurity ...." *Green v. United States*

> (1957), 355 U.S. 184, 187. Thus, an unwarranted continuation of a prosecution "increases the financial and emotional burden on the accused, [and] prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing .... " *Arizona v. Washington* (1978),434 U.S. 497, 503-504.

(Motion, Doc. No. 42, at 2.)

In *Green*, in explaining the general justification for the Double Jeopardy Clause, the Supreme Court wrote the words quoted by Petitioner in the following context:

> The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

355 U.S. at 187-188. Thus the Court did not suggest that delay in deciding a case tried to the bench would justify granting an unconditional writ of habeas corpus, even though the impact on a criminal defendant is the same impact complained of by Petitioner here – he continues to live under the cloud of an unresolved criminal charge. In *Arizona v. Washington*, although it recognized the burdens which delay places on a defendant, the Supreme Court reversed a grant of the writ on double jeopardy grounds which had been affirmed on appeal. Thus neither *Green v. United States* nor *Arizona v. Washington* directly supports Petitioner's claim to an unconditional writ in this case.

Petitioner argues that the conditional writ is insufficient because it does not remedy all the "past consequences of the Respondent's actions," including delay and additional expense That is true enough, but this is not a suit for wrongful prosecution. A habeas petitioner who has been in real custody, as opposed to the constructive custody suffered by Petitioner here, gets no compensation at all for even years of unconstitutional imprisonment when he is eventually released.

All of that said, the question whether the writ here should be conditional or unconditional is certainly debatable among reasonable jurists and Petitioner should be granted a certificate of appealability on that question.

Respondent has not cross-appealed and its time to do so expired October 28, 2009. Therefore, even if it is requested by Petitioner, this Court should not stay the writ pending appeal[1]. If Judge McGee should find Petitioner not guilty before the Sixth Circuit reaches the appeal for decision, the appeal will be mooted. If Judge McGee finds the Defendant guilty and that finding is finally affirmed on appeal in the state courts, it will be time enough to consider if a stay is appropriate pending completion of the appeal. There is no good reason to delay Judge McGee's consideration of the record.

October 28, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond

---

[1] Perhaps it is important to note that the mere filing of a notice of appeal does not in itself act to stay this Court's judgment without a separate order.

to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).